IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-36-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEISHA NUSHON HARRELL, | ) | |
| | ) | |
| Defendant. | ) | |

On July 18, 2013, pursuant to a plea agreement [D.E. 30], Keisha Nushon Harrell ("Harrell") pleaded guilty to conspiracy to possess with the intent to distribute and distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 30] 4–5; [D.E. 31]. On December 9, 2013, the court held Harrell's sentencing hearing. See [D.E. 39]. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR"), and ruled on the objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Harrell's total offense level to be 29, her criminal history category to be I, and her advisory guideline range to be 87–108 months. See [D.E. 40]. Pursuant to U.S.S.G. § 5K1.1, the court then granted the government's motion for a downward departure. See id.; [D.E. 37]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Harrell to 48 months' imprisonment. See [D.E. 39]. Harrell did not appeal.

On December 4, 2014, Harrell filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 42]. On December 1, 2015, the government responded. See [D.E. 46]. Harrell's new advisory guideline range is 70 to 87 months' imprisonment based on a total offense level of 27 and a criminal history category of I. See Resentencing Report. Harrell requests a 39-month sentence. See id.; [D.E. 42].

The court has discretion to reduce Harrell's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Harrell's sentence, the court finds that Harrell engaged in a serious conspiracy to possess with the intent to distribute and distribute 100 grams or more of heroin. See PSR [D.E. 35] ¶¶ 5–11. Her offense conduct also included speeding away during a traffic stop and crashing her car. See id. ¶ 6. Furthermore, Harrell's criminal history includes a felony theft conviction, theft by deception, and obstruction of justice. See id. ¶¶ 15–17. Nonetheless, Harrell has engaged in some positive behavior while incarcerated on her federal sentence. See Resentencing Report.

Having reviewed the entire record and all relevant policy statements, the court finds that Harrell received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Harrell's sentence would threaten public safety in light of her serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Harrell's serious criminal conduct and criminal history do not support reducing Harrell's sentence. Thus, the court denies Harrell's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Harrell's motion for reduction of sentence [D.E. 42] is DENIED.

SO ORDERED. This 28 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge